UNITED STATES DISTRICT COURT        <u>FOR ONLINE PUBLICATION ONLY</u>
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                          :
BINI S. PARK,                                          :

                                           Plaintiff,         :        <u>MEMORANDUM AND ORDER</u>

              - against -                      :        11-CV-3454 (JG) (CLP)
                                                           :
JOHN MCGOWAN, WENDY MORRIS and   :
PATRICK J. ABBOTT,                            :

                           Defendants.       :
-----------------------------------------------------------------x
A P P E A R A N C E S :

       LAW OFFICES OF CHARLES C. KHYM
            39-01 Main Street, Suite 608
            Flushing, New York 11354
       By:    Kristopher Kim
            *Attorneys for Plaintiff*

       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
            1010 Washington Boulevard
            Stamford, Connecticut 06901
       By:    Brian Del Gatto
            *Attorneys for Defendants John McGowan and Wendy Morris*

JOHN GLEESON, United States District Judge:

        Plaintiff Bini S. Park commenced this personal injury action in state court against John McGowan, Wendy Morris and Patrick J. Abbott. On July 18, 2011, McGowan and Morris removed the action to this Court, asserting federal subject matter jurisdiction on the basis of diversity of citizenship. On August 18, 2011 – 31 days later – Park moved to remand this action to state court. For the reasons set forth below, the motion to remand is denied.

BACKGROUND

        Park brought suit in the Supreme Court of the State of New York, Bronx County on May 17, 2011, seeking to recover damages for injuries he allegedly sustained during a three-

car accident. Park alleges that he, McGowan and Abbott were each driving one of the cars and that Morris owned the car McGowan was driving. Compl. ¶¶ 22–29.

Park alleges that he is a New Jersey resident, that McGowan and Morris are Canadian residents, and that Abbott is a New York resident. *Id.* ¶¶ 1–3, 16. Although the complaint did not specify the amount of damages Park seeks to recover, he served a demand for damages of $250,000 on June 29, 2011.

On July 18, 2011, two of the three defendants – McGowan and Morris – filed a notice of removal in this Court, asserting there is federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) due to the purportedly diverse citizenship of the parties. The notice of removal was entered on the docket the next day. Four days before they filed the notice of removal, McGowan and Morris had sent a copy of their notice to Park. On July 20, 2011, Judge Cheryl L. Pollak, the Magistrate Judge assigned to this case, issued an order scheduling an initial conference, which Park's counsel received two days later, on July 22, 2011. On August 18, 2011, Park moved to remand this action to state court.

## DISCUSSION

A.   *Removal and Remand Procedures*

A defendant in a civil action filed in state court generally may remove that action to a federal district court if the plaintiff could have filed the action in federal court. *See* 28 U.S.C. § 1441(a); *Port Auth. of N.Y. & N.J. v. Am. Stevedoring, Inc.*, No. 10-CV-99 (JG), 2010 WL 979733, at *1 (E.D.N.Y. Mar. 16, 2010). The procedure for removing a case is initiated when the removing party files a notice of removal in federal court. *See* 28 U.S.C. § 1446(a).

A motion to remand based on any defect in removal other than a lack of subject-matter jurisdiction "must be made within 30 days after the filing of the notice of removal." 28

2

U.S.C. § 1447(c). Any non-jurisdictional objection not raised within 30 days of the filing of the notice of removal is waived. *See Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 315 (2d Cir. 2005).

A court generally may not excuse the 30-day limit for non-jurisdictional objections to removal; after 30 days have passed, a court "lack[s] authority under § 1447(c) to remand." *Id.* (quoting *Hamilton v. Aetna Life & Cas. Co.,* 5 F.3d 642, 644 (2d Cir. 1993)) (internal quotation marks omitted); *see also Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005) (holding that § 1447(c)'s 30-day "deadline is plainly mandatory"). As is always the case, a lack of subject-matter jurisdiction may be raised at any time before entry of judgment. *Property Clerk, N.Y. City Police Dep't v. Fyfe*, 197 F. Supp. 2d 39, 41–42 (S.D.N.Y. 2002) (citing § 1447(c)).

B.      *Park's Asserted Grounds for Remand*

Park does not challenge the removing defendants' claims of complete diversity of the parties and that the amount in controversy exceeds $75,000, which are the prerequisites of federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(2).[1] Park instead invokes the "forum defendant rule" and the "rule of unanimity" as grounds for remand.

The "forum defendant rule" bars removal if any of the defendants "properly joined and served" is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). The "rule of unanimity" requires that, in a case with more than one defendant, the defendants unanimously consent to removal. *See Stop & Shop Supermarket Co. v. Goldsmith*, No. 10-CV-3052 (KMK), 2011 WL 1236121, at *2 (S.D.N.Y. Mar. 31, 2011); *Miller v. First Sec. Invs., Inc.*,

---

[1] The allegations in the complaint and the notice of removal referred only to the parties' residencies, which is not sufficient to establish their citizenship. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996). However, at oral argument, the parties agreed that each party's citizenship and residency were identical and I accept their representations as an adequate basis for finding subject-matter jurisdiction at this stage. *See Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

3

30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998) ("Although there is no express statutory requirement for joinder or consent by co-defendants, there is widespread agreement among the district courts, including those in the Second Circuit, that 'all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.'" (quoting *Still v. DeBuono*, 927 F. Supp. 125, 129 (S.D.N.Y.), *aff'd on other grounds*, 101 F.3d 888 (2d Cir. 1996)) (alteration in original)); *see also Cal. Pub. Emps. Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004); *Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960) (Friendly, J.). Courts have inferred this rule from § 1441(a)'s language that removal may be made "by the defendant or the defendants," rather than by "a defendant." *See Bradford*, 284 F.2d at 309.

Both the forum defendant rule and the rule of unanimity are non-jurisdictional objections to removal. *See Shapiro*, 412 F.3d at 313 (forum defendant rule "is a rule of procedure and does not state a jurisdictional requirement"); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516–17 (6th Cir. 2003) (rule of unanimity is a non-jurisdictional requirement); *Farmland Nat'l Beef Packing Co. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) ("[T]he lack of unanimous consent is a procedural defect, not a jurisdictional defect."); *Borden v. Blue Cross & Blue Shield of W. N.Y.*, 418 F. Supp. 2d 266, 270 (W.D.N.Y. 2006) (referring to "lack of unanimity" as "a non-jurisdictional defect in the removal proceeding" that may be waived). Accordingly, both objections are waived if the party seeking remand does not timely raise them.

In opposition to Park's motion, McGowan and Morris do not dispute that their removal of this action violates both the forum defendant rule and the rule of unanimity, since Abbott is purportedly a New York citizen and he has not consented to removal.[2] Instead, they

---

[2] Park has filed proof of service on Abbott, but Abbott has not appeared in this action.

4

argue that Park has waived these objections by filing his remand motion more than 30 days after the filing of their notice of removal.

C.      *The Remand Motion Is Untimely*

Park concedes that his motion to remand was made 31 days after the notice of removal was filed. He nevertheless argues that he has not waived his objections to removal. First, he notes that his motion was made within 30 days of the notice of removal's *entry*. Filing and entry are, however, distinct events. As one court explained,

> "[e]ntry" and "filing" are words of art: "Entry" has a well defined meaning . . .; it occurs only when . . . an appropriate notation on the docket sheet [is] assigned to the action in the district court. Filing, on the other hand, means "the delivery of the thing filed into the actual custody of the proper officer keeping the records of the court. It connotes a deposit for permanent presentation."

*Herrera v. First N. Sav. & Loan Ass'n*, 805 F.2d 896, 899 (10th Cir. 1986) (citations and paragraph breaks omitted).

Section 1447(c) clearly specifies that the deadline to file a motion to remand is measured from the "filing" of the notice of removal rather than the date it is entered on the docket. In many other situations, a statute or rule specifies that filing deadlines run from the date a document is entered rather than filed. *See, e.g.*, 8 U.S.C. § 1229a(c)(6)(B) (motions to reconsider in administrative removal proceedings "must be filed within 30 days of the date of *entry* of a final administrative order of removal" (emphasis added)); 28 U.S.C. § 1453(c)(1) (authorizing application to appeal an order ruling on a motion to remand a class action within "10 days after *entry* of the order" (emphasis added)); Fed. R. App. P. 4(a)(1)(A) (requiring a civil notice of appeal to be filed "within 30 days after the judgment or order appealed from is *entered*" (emphasis added)). Courts consistently hold that such provisions mean what they say and measure deadlines from the date of entry rather than filing. *See, e.g.*, *United States v. Fiorelli*,

5

337 F.3d 282, 287 (3d Cir. 2003) ( "although an order may be signed by the district court, received by the clerk, and entered in the docket on different days, the entry date controls" when calculating deadlines pursuant to rule measuring timeliness from date of entry); *SEC v. Van Waeyenberghe,* 284 F.3d 812, 815 (7th Cir. 2002) (where date of filing and entry of order differ, date of entry determines deadlines for motions and appeal); *United States v. Doyle*, 854 F.2d 771, 772 (5th Cir. 1988) (under rule specifying deadline for taking an appeal, "timeliness is measured from the date of entry of the judgment on the docket sheet, not from its date of filing"); *United States v. Andrews*, 790 F.2d 803, 806 (10th Cir. 1986) (same). Here, in the reverse situation – where § 1447(c) specifies that a deadline runs from the date of "filing" rather than entry – a court must also respect the clear statutory language. *Cf. Farmland Nat'l Beef Packing Co.*, 98 F. App'x at 756 (rejecting argument that time for seeking remand did not begin to run until all procedural steps required by § 1446(d) for removal were complete as "contravene[ing] the plain language of § 1447(c)").

Second, Park asserts that his lateness in moving to remand should be excused because McGowan and Morris did not comply with their obligation to "give written notice" to Park "[p]romptly after the filing" of their notice of removal. 28 U.S.C. § 1446(d). According to Park, McGowan and Morris did deliver a copy of their notice of removal, but they did so four days *before* it had been filed. Pl. Reply 1. Since the notice had not yet been filed, the copy served on Park did not bear the docket number that this Court assigned to this action after the notice of removal was filed. *Id.* Park further asserts that McGowan and Morris never notified him that the notice of removal had, in fact, subsequently been filed. *See id.* Instead, Park asserts that he first learned that this action had been removed on or about July 22, 2011, (four days after the notice of removal had been filed) when he received a scheduling order from the Court. *Id.* at

6

1–2.  Park implies that, before this date, he knew only that the defendants were contemplating filing a notice of removal, not that they would do or had done so.

Many courts have recognized that the failure to give prompt notice of the filing of a notice of removal, as required by § 1446(d), is grounds for remand.  *See Browning v. Am. Family Mut. Ins. Co.*, 396 F. App'x 496, 505 (10th Cir. 2010) (noting that courts have remanded cases if the notice requirements of § 1446(d) are not satisfied); *Jackson v. City of New Orleans*, No. 95-1340, 1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) ("Courts 'have uniformly recognized that failure to provide "prompt" notice is a proper basis for remand.'" (quoting *Alpena Power Co. v. Util. Workers Union of Am., Local 286*, 674 F. Supp. 1286, 1287 (E.D. Mich. 1987)).  On the other hand, § 1446(d) does not set a specific deadline and courts have denied motions to remand where the delay in giving notice of the removal to adverse parties was only several days and non-prejudicial.  *See, e.g.*, *Ynoa v. Kutner*, No. 10 Civ. 5398 (NRB), 2011 WL 1796320, at *3 (S.D.N.Y. May 5, 2011).

In this case, Park does not argue that a lack of prompt notice is itself an independent ground for remand – any such argument would have been waived by his failure to raise it in his opening papers.  Instead he argues that the lack of prompt notice of the filing of the notice of removal should result in the Court deeming his motion for remand to be timely.  Park argues that it would be unfair if defendants could file a notice of removal and start running the clock for a plaintiff's deadline to move to remand, but then delay notifying the plaintiff until the eleventh hour or later.

Ideally, McGowan and Morris would have delivered to Park a copy of their file-stamped notice of removal, bearing the docket number assigned by this Court, on the same day

they filed it.[3]  Nevertheless, I conclude that they did not violate § 1446(d) and, in any event, less-than-perfect compliance with § 1446(d) does not affect the timeliness of Park's remand motion.

McGowan and Morris did provide Park with a copy of their notice of removal before they filed it.  While this does not comply with § 1446(d)'s directive to notify adverse parties "[p]romptly *after* the filing" of a notice of removal, 28 U.S.C. § 1446(d) (emphasis added), it did at least give Park some warning that they intended to remove the action to federal court.

This premature notice alone does not constitute compliance with § 1446(d).  *See Parks v. Montgomery Ward & Co.*, 198 F.2d 772, 773–74 (10th Cir. 1952) (notifying adversary of removal before filing petition for removal in federal court "constituted an irregularity" in removal procedure).  *But cf. Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328, 337 (D.S.C. 1979) (it was proper for defendant to deliver notice of removal to plaintiff before, but on the same day as, it was filed in federal court), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980); *Mahony v. Witt Ice & Gas Co.*, 131 F. Supp. 564, 566 (W.D. Mo. 1955) (same).[4]  In addition to the premature notification McGowan and Morris provided, however, Park concedes he became aware the notice of removal had been filed only four days after the fact when he received a scheduling order from Judge Pollak.  In combination, the pre-filing delivery of the notice of removal and the subsequent confirmation, just four days after the fact, from the Court that the notice of removal had been filed satisfied the requirements of § 1446(d).  *See McCall v. Greyhound Lines, Inc.,* No. 98 Civ. 7586 CSH, 1998 WL 865626, at *2 (S.D.N.Y. Dec. 11,

---

[3]  Although this may be the ideal practice, § 1446(d) requires only that the removing party give "written notice" that they have filed a notice of removal.  Thus, the statute does not require that the removing party deliver an actual copy of the notice of removal to its adversary.  Service of the actual notice to appear is required, however, by Rule 5(a)(1) of the Federal Rules of Civil Procedure.

[4]  At oral argument, counsel for the removing defendants stated that he sent a copy of the notice of removal to Park's counsel via Fedex on July 18, 2011, the same day he sent the document to the Court for filing.  Park's counsel stated he received the notice of removal earlier, on July 14, 2011.  It is not necessary to resolve this factual dispute, however, since even if Park's account is correct, I conclude the motion for remand is untimely.

8

1998) (finding that plaintiff received constructive notice of removal three days after the notice was filed when she received an order from the federal court directing the parties to appear for an initial conference).

This is not a situation where removing defendants significantly delayed notifying their adversary that they had filed a notice of removal so as to prevent a timely motion to remand. Under such circumstances, a court would presumably have the power to grant a remand motion filed beyond the 30-day window because the removing party would have waived the otherwise mandatory time limitation of § 1447(c). *See Phoenix Global Ventures*, 422 F.3d at 75 (although § 1447(c)'s deadline is mandatory, there is nothing that "purports to limit the court's power to consider an overdue motion"). In this case, however, by the time Park concedes he was aware the case had been removed, he still had 26 out of the allotted 30 days to file his motion to remand. Park does not claim this was a prohibitively short amount of time. While it might be more sensible to measure the deadline for a remand motion from the date a party receives actual or constructive notice that a notice of removal has been filed rather than the date of filing, a court cannot substitute its judgment for the plain text of a statute. *See Farmland Nat'l Beef Packing Co.*, 98 F. App'x at 756 (plain language of § 1447(c) measures deadline for moving to remand from time notice of removal is filed rather than time other procedural requirements of § 1446(d), such as notice, are satisfied).

Although the lateness here of a single day is minimal and has not caused any prejudice to McGowan or Morris, they have properly asserted the lateness as a defense to remand. A court may excuse a late motion to remand in appropriate circumstances, *see, e.g.*, *Phoenix Global Ventures*, 422 F.3d at 76 (holding that district court had power to grant motion to remand where movant had attempted to file motion within the 30-day deadline but was

9

unsuccessful due to inability to comply with electronic filing system), but in my view the circumstances here do not excuse Park's lateness in moving to remand. I therefore conclude that Park has waived his non-jurisdictional objections to removal by filing his motion to remand 31 days after the notice of removal was filed.

D.  *Removal to the Wrong Court*

Although Park does not raise this as a ground for remand, the removal here was improper because McGowan and Morris removed the case to the wrong court. Pursuant to § 1441(a), removal of an action from state court is authorized "to the district court of the United States *for the district and division embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). According to the notice of removal and the state court pleadings, this action was removed from state court in Bronx County. The removal to this Court was therefore "forbidden, as a case that may be removed from a state court in Bronx County must be removed to the district in which that county is located, which is the Southern District of New York." *Sonn v. Wal-Mart Stores, Inc.*, No. 06-CV-1296 (FB) (JO), 2006 WL 752829, at *1 (E.D.N.Y. Mar. 23, 2006); *see also* 28 U.S.C. § 112(b) (listing the Bronx as one of the counties within the Southern District of New York).

If removal to the wrong federal court were a jurisdictional defect, then I would have to remand the case notwithstanding Park's failure to raise that defect. I conclude, however, that removal to the wrong court is a procedural defect that has been waived. The "district and division embracing" clause of § 1441(a) is a venue provision. *See PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998); *see also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) ("Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place

where such action is pending.'"). Improper venue does not affect a federal court's subject matter jurisdiction. *Moreno-Bravo v. Gonzales*, 463 F.3d 253, 258 (2d Cir. 2006); *see also Polizzi*, 345 U.S. at 665. Nothing in § 1441(a) would have deprived this Court of subject matter jurisdiction if Park had commenced this action here and, therefore, improper venue pursuant to § 1441(a) does not deprive this Court of jurisdiction on removal. *See Orange Cnty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 49–50 (2d Cir. 2009).

Since Park did not raise improper venue as a basis for remand within 30 days of the filing of the notice of removal – or at all – that issue has been waived.

\*  \*  \*

In sum, had Park filed his motion one day earlier, I would be obligated to grant it. By filing his motion just one day late, Park has waived his otherwise valid objections to removal. The 30-day time limit imposed on raising non-jurisdictional objections to removal is mandatory and there is no justification here for excusing the failure to comply with it. *Cf. In re Johns Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007) (dismissing cross-appeal because it was untimely "although by just one day"). Since I do not remand the case, I must also deny Park's request for attorney's fees and costs. *See* 28 U.S.C. § 1447(c) (authorizing award of fees when a court issues a remand order); *Barash v. Ford Motor Credit Corp.*, No. 06-CV-6497 (JFB) (ARL), 2007 WL 1791656, at \*8 (E.D.N.Y. June 20, 2007); *Legal Aid Soc'y v. City of New York*, No. 97 Civ. 7566 (SHS), 1998 WL 689950, at \*3 n.3 (S.D.N.Y. Sept. 30, 1998).

## CONCLUSION

For the reasons stated above, the motion to remand is denied.


So ordered.


John Gleeson, U.S.D.J.

Dated: October 19, 2011
      Brooklyn, New York