UNITED STATES DISTRICT COURT        FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                     :

BINI S. PARK,                                      :

                                Plaintiff,       :    MEMORANDUM AND ORDER

            - against -                   :    11-CV-3454 (JG) (CLP)

JOHN MCGOWAN, WENDY MORRIS and    :
PATRICK J. ABBOTT,                           :

                               Defendants.    :
-----------------------------------------------------------------x
A P P E A R A N C E S :

    LAW OFFICES OF CHARLES C. KHYM
        39-01 Main Street, Suite 608
        Flushing, New York 11354
    By:    Kristopher Kim
        *Attorneys for Plaintiff*

    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
        1010 Washington Boulevard
        Stamford, Connecticut 06901
    By:    Brian Del Gatto
        Beata Shapiro
        *Attorneys for Defendants John McGowan and Wendy Morris*

JOHN GLEESON, United States District Judge:

        Defendants John McGowan and Wendy Morris removed this case from the Supreme Court of New York, Bronx County. After I denied Plaintiff Bini S. Park's motion to remand the case to state court, McGowan and Morris moved to transfer this case to the United States District Court for the Southern District of New York. They seek transfer on the grounds that should have removed the case to that court and it is a more convenient forum. For the reasons set forth below, the motion to transfer is denied.

BACKGROUND

Park commenced this case in state court in Bronx County, New York, seeking to recover damages for injuries he allegedly sustained during a three-car accident in Manhattan. Park is a New Jersey domiciliary, McGowan and Morris are Canadian domiciliaries, and Abbott, who has not appeared in this action, is a New York domiciliary. McGowan and Morris removed the action to this Court, asserting there is federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) due to the diverse citizenship of the parties.

Park moved to remand the case to state court, asserting several non-jurisdictional defects in the removal. Although I agreed with Park that the removal was procedurally defective, I denied the motion to remand as untimely on October 19, 2011.[1] *See Park v. McGowan*, No. 11-CV-3454 (JG) (CLP), 2011 WL 4963759, at *2, *6–7 (E.D.N.Y. Oct. 19, 2011).

In denying the motion to remand, I noted that McGowan and Morris had removed this case to the wrong federal court. Cases removed from state courts located in Bronx County should be removed to the United States District Court for the Southern District of New York. *Id.* at *6. However, since removal to the wrong federal court was a defect in venue, I concluded that Park had waived any challenge to the removal on this ground by failing to timely raise it. *See id.* at *6–7.

The day after I denied the remand motion, McGowan and Morris filed a letter requesting that I transfer the case to the Southern District of New York and, in particular, that the case be heard in White Plains. Park objected to the requested transfer, and I directed the parties to submit briefs addressing whether transfer to the Southern District was warranted.

---

[1] Any non-jurisdictional defect to removal is waived unless it is raised in a motion to remand within 30 days of the filing of the notice of removal. *See* 28 U.S.C. § 1447(c). Park's motion was one day late.

DISCUSSION

Several statutory provisions and procedural rules authorize one federal court to transfer a case to another. McGowan and Morris invoke two of them. The first authorizes transfer, as an alternative to dismissal, in order to correct a defect in venue. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The second authorizes transfer, even if there are no defects in venue or jurisdiction, to a district court that is a more convenient forum. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). The propriety of transfer pursuant to each provision is addressed below.

A.  *Transfer Pursuant to § 1406(a)*

As noted above, if a party commences suit in an improper venue, § 1406(a) authorizes, in appropriate circumstances, a transfer to a proper federal court as an alternative to dismissal. Courts have held that a case removed to the wrong federal court from a state court may also be transferred under § 1406(a) instead of remanded. *See, e.g.*, *Corporate Visions, Inc. v. Sterling Promotional Corp.*, No. 00-CV-4663 (FB), 2000 WL 33217350, at *1 (E.D.N.Y. Aug. 16, 2000); *Mortensen v. Wheel Horse Prods., Inc.*, 772 F. Supp. 85, 89–91 (N.D.N.Y. 1991).

The parties do not dispute that, under 28 U.S.C. § 1441(a), this case was removed to the wrong federal court. Section 1441(a) authorizes removal of a state court action "to the district court of the United States *for the district and division embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). As I explained in denying Park's remand motion:

3

> According to the notice of removal and the state court pleadings, this action was removed from state court in Bronx County. The removal to this Court was therefore "forbidden, as a case that may be removed from a state court in Bronx County must be removed to the district in which that county is located, which is the Southern District of New York."

*Park*, 2011 WL 4963759, at *6 (quoting *Sonn v. Wal-Mart Stores, Inc.*, No. 06-CV-1296 (FB) (JO), 2006 WL 752829, at *1 (E.D.N.Y. Mar. 23, 2006)).

I also explained that removal to the wrong federal court is a defect in venue. *See id.* ("The 'district and division embracing' clause of § 1441(a) is a venue provision."). Since defects in venue are waivable, I concluded that Park had waived any objection that the removal was improper on this ground. *See id.* at *7.[2] The question before me now is whether McGowan and Morris have also waived any such objection.

I conclude that they have. As the removing parties, Morris and McGowan selected this district rather than the Southern District of New York. Having done so, they are akin to a plaintiff who files suit in the wrong federal court. Such a plaintiff is generally held to have waived any objection to venue. *See Olberding v. Ill. Cent. R.R. Co.*, 346 U.S. 338, 340 (1953) ("The plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquished his right to object to the venue."); *Grupke v. Linda Lori Sportswear, Inc.*, 174 F.R.D. 15, 17 (E.D.N.Y. 1997); 6 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1416, at 140 (3d ed. 2010). Accordingly, by removing the case to this Court, McGowan and Morris have waived any objection to venue here. *See Siegel v. Waynesboro Knitting Co.*, 7 F. Supp. 693, 694 (S.D.N.Y. 1934) ("[A]s to the venue in this district, the defendant by removing the case has waived any question thereof.").

---

[2] Park's counsel suggested at the oral argument on December 9, 2011, that his failure to raise improper venue when he moved to remand was deliberate, as the plaintiff prefers this district to the Southern District of New York if it cannot be litigated in state court.

Moreover, granting a transfer would not serve the purposes of § 1406(a).  Section 1406(a) was enacted to protect litigants who mistakenly file in the wrong court from the potentially harsh penalty of dismissal, such as the expiration of a statute of limitations before the case is refiled in the proper district.  *See Goldlawr v. Heiman*, 369 U.S. 463, 466 (1962) ("The problem which gave rise to the enactment of [§ 1406(a)] was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn."); *see also Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394–95 (2d Cir. 1992).  Section 1406(a) was not intended to be a tool for a litigant who files in one court and then decides a different court would be preferable.  *See Spar*, 956 F.2d at 395.

Analogously, transfer under § 1406(a) may be appropriate if a party moves to remand a case to state court on the ground that the case was not removed to the proper federal court under § 1441(a).  *See, e.g.*, *Corporate Visions*, 2000 WL 33217350, at *1.  However, once the passage of time has eliminated the possibility of remand on such ground, the purpose of § 1406(a) would no longer be served by transferring the case.

Indeed, Congress limited the availability of § 1406(a) transfers (by requiring a determination that transfer was "in the interest of justice") to prevent the possibility of abuse.  *See* 14D Wright *et al.*, *supra*, § 3827, at 565–66 & n.4.  While I do not suggest bad faith on the part of McGowan or Morris, it is not inconceivable that defendants might abuse § 1406(a) by purposely removing a case to the wrong court and then seeking transfer.  To prevent such potential abuse, a removing party should generally be able to obtain a transfer pursuant to § 1406(a) only as an alternative to remand.

Counsel for the defendants contended at oral argument that the removal to this district rather than to the Southern District of New York was an innocent mistake, for which they should not suffer consequences. But that mistake operated to waive the very argument they advance on this motion. And if the brief history of this case has taught us anything, it is that innocent mistakes have consequences. The plaintiff's mistake in filing the motion to remand one day late is the sole reason this remains a federal case; the defendants' mistake in removing the case is the sole reason it remains a federal case in this district.

B.   *Transfer Pursuant to § 1404(a)*

Transfer pursuant to § 1404(a) is available "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The party seeking transfer pursuant to § 1404(a) bears the burden of making a clear and convincing showing that transfer is warranted. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010). The factors to be considered in making that determination include:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Id.* at 112 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)) (internal quotation marks omitted). A district court has broad discretion in applying these factors "and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co.*, 462 F.3d at 106.

Courts have recognized that § 1404(a) transfers between the Eastern and Southern Districts of New York are different from transfers between more remote districts. *See Jenkins v. Wilson Freight Forwarding Co.*, 104 F. Supp. 422, 425 (S.D.N.Y. 1952) (§ 1404(a) "was

designed and reserved for those instances where the transfer was sought to a District Court substantially distant from the district where the action had been instituted," rather "than for a transfer from the Southern District of New York to the Eastern District of New York or vice versa"). The Southern District's Manhattan courthouse "lies just across the East River and just over the Brooklyn Bridge" from the Eastern District's Brooklyn courthouse.[3] *Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001); *see also Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 602 (S.D.N.Y. 2009) ("[T]he Court is unconvinced by the argument that appearing at a courthouse just across the East River is meaningfully less convenient."). The courthouses "lie within the same City," *Kalter v. Norton*, 202 F. Supp. 950, 952 n.9 (S.D.N.Y. 1962) (internal quotation marks omitted), no more than a two-mile walk or drive apart.

Given the especially close proximity of the Eastern and Southern Districts of New York, most of the factors bearing on transfer are neutral.[4] *See Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 131 (E.D.N.Y. 2004). Neither district offers a clear advantage for the convenience of parties or witnesses, the location of relevant documents or sources of proof, or compelling the testimony of witnesses. *See Hershman*, 658 F. Supp. 2d at 601–02 n.1; *see also Rabbi Jacob Joseph Sch.*, 342 F. Supp. 2d at 131.

The locus of the operative facts does favor transfer, as the car accident at issue in this case took place in Manhattan. However, this factor alone does not, on its own, establish clearly and convincingly that the case should be transferred. Moreover, as discussed above, its

---

[3] Morris and McGowan request that the case be assigned to the Southern District's courthouse in White Plains, but Rule 20 of the Rules for the Division of Business Among District Judges in the Southern District of New York provides that cases removed from state courts in Bronx County are assigned to the Manhattan courthouse. Although it is possible that the case would be reassigned to White Plains, my decision on this motion would be the same regardless.

[4] Since there is no evidence bearing on the relative means of the parties, this factor is neutral as well.

significance is diminished in this case since this Court is located within the very same city as the location of the accident.

Morris and McGowan also argue that by filing suit in a state court within the Southern District, Park has indicated the federal court there to be his chosen forum.[5] I disagree. Park's chosen forum was *state* court, in the Bronx. To the extent he must litigate in federal court, he has expressed a clear preference for federal court in the Eastern District rather than the Southern District.

There are instances where it is appropriate to transfer a case between the Eastern and Southern Districts of New York. For example, if there is a related case pending in one district, then it may be more efficient to transfer a related case there; there may be unusual circumstances that make one district clearly more convenient than the other; or the nature of the dispute may be so closely tied to one district that it would be inappropriate for the case to be heard elsewhere. However, no such showing has been made here.

Absent a clear and convincing showing that the Southern District is a superior forum, it would be unfair to impose the disruptive effect of a transfer. This Court has already invested time in this case. "[A]lthough the case is still in its early stages, a transfer would if anything delay resolution of this dispute as a new court familiarized itself with the facts of the case." *Hershman*, 658 F. Supp. 2d at 603. McGowan and Morris have already delayed the case

---

[5] McGowan and Morris rely on *Carruthers v. Amtrak*, No. 95 Civ. 0369 (PKL), 1995 WL 378544 (S.D.N.Y. June 26, 1995), for the proposition that Park's chosen forum is the Southern District of New York. In *Carruthers*, the plaintiff had filed suit in state court in the Bronx, the defendant removed the case to the Southern District of New York, and it then sought to transfer the case to federal court in Florida. *Id.* at *1. The court denied the motion to transfer based on, *inter alia*, the fact that New York was the plaintiff's chosen forum. *See id.* at *4. *Carruthers* does not address which federal court is deemed the plaintiff's chosen forum where the plaintiff has filed suit in state court within one federal district, the case is removed to a different federal district, and the plaintiff opposes transfer to the proper district.

by removing it – improperly – from state court to federal court. Another transfer would delay this case further.

## CONCLUSION

For the reasons stated above, the motion to transfer this action to the United States District Court for the Southern District of New York is denied.

So ordered.


John Gleeson, U.S.D.J.

Dated: December 16, 2011
      Brooklyn, New York